[No. 10878.   Department One.   April 14, 1913.]

## CLORA MARKLE DAHLSTROM, *Respondent,* v. BEARD FRUIT COMPANY, *Appellant.*[1]

TENANCY IN COMMON—ACQUISITION OF TAX TITLE. A cotenant who had possession and control of the property, and who led his nonresident cotenant to believe that he would pay the taxes as he had theretofore done, the rents being sufficient therefor, cannot allow the taxes to go delinquent and obtain the tax title.

EQUITY—LACHES—LIMITATIONS. Laches is not a defense to an action to recover land sold for taxes where the statute of limitations had not run and there was no changed condition.

Appeal from a judgment of the superior court for Clarke county, McKenney, J., entered April 18, 1912, upon findings in favor of the plaintiff, in an action to quiet title. Affirmed.

*Griffith & Leiter* and *Back, Hall & Drowley,* for appellant.
*Miller, Crass & Wilkinson,* for respondent.

MOUNT, J.—This action was brought to recover an undivided one-half interest in a certain tract comprising about fifteen acres of land in Clarke county. It resulted in a judgment as prayed for in the complaint. The defendant has appealed.

[1] Reported in 131 Pac. 450.

The land in question was purchased in 1890 by George B. Markle, P. C. Kauffman and S. M. Beard. Title was taken in the name of S. M. Beard, who as trustee held the title for the parties as follows: George B. Markle, an undivided one-half interest; P. C. Kauffman and S. M. Beard, each an undivided one-fourth interest. Beard held possession and had the management of the land. In 1894, at the request of George B. Markle, his interest was conveyed by Mr. Beard to Clora A. Markle, the plaintiff in this action, and the trust agreement was cancelled. Clora A. Markle was a nonresident of this state at that time, and still is such nonresident. She relied upon Mr. Beard to care for the property, which he did by retaining the management thereof, paying taxes, etc. In 1896, Beard conveyed his interest in the land to the Commercial Bank of Vancouver, of which bank he was the manager and principal owner. Mr. Kauffman about the same time conveyed his interest to the bank.

In 1895 and 1896, the undivided half interest of the plaintiff was assessed in her name, and the taxes for those years were not paid. The plaintiff relied upon Mr. Beard to pay these taxes. The taxes became delinquent and a certificate of delinquency was issued to one H. W. Arnold. Mr. Beard soon afterwards purchased this certificate of delinquency, and had the same assigned to his niece, Mary E. Beard, without notice to the plaintiff. This niece subsequently assigned the certificate of delinquency to one W. L. Gray, who brought a suit to foreclose the certificate. A default judgment was entered, and the property sold to said Gray on April 10, 1901. In November, 1901, the Commercial Bank of Vancouver conveyed its interest to Gray. In December, 1901, Gray conveyed to defendant Beard Fruit Company. S. M. Beard was the uncle of Mary E. Beard, who was married to W. L. Gray. Mr. Beard was the manager of the Commercial Bank of Vancouver and also of the Beard Fruit Company.

In October, 1909, soon after learning of the tax foreclosure and of the transfers as above stated, the plaintiff brought

this action.   The complaint is based upon the theory that, at the time the taxes became delinquent, plaintiff and S. M. Beard were tenants in common; that Beard had the care and management of the premises and was charged with the duty of paying the taxes; that he permitted the taxes to become delinquent without notice to the plaintiff, and that he directed and controlled the proceedings resulting in the foreclosure of the tax certificate and the conveyance to defendant, for the purpose of defrauding the plaintiff.   The answer denies all these allegations, pleads the title in the defendant and laches in bringing the action.

A trial resulted in findings, which are abundantly supported by the evidence, to the effect that the plaintiff has at all times named herein been a resident of Pennsylvania; that, when she acquired her interest, S. M. Beard owned an undivided interest and was in charge of the property, caring for the same for his cotenants; that he led plaintiff to believe that he would thereafter pay the taxes thereon; that he permitted the taxes to become delinquent without notice to the plaintiff in order to acquire title to her interest; that all the proceedings leading up to the tax sale and subsequent conveyance to defendant were instigated and controlled by S. M. Beard, and the transfer to third parties was with notice and knowledge of such third parties of the purposes of said Beard to defraud plaintiff of her interest in the property; that the rents and income of the property have been collected by S. M. Beard and the Beard Fruit Company from the time of the original purchase, and that the rental value of the property has been in excess of the taxes.

The point made by the appellants upon this appeal is that the plaintiff had an agent at Portland, Oregon, who was authorized to look after this property, and because the property was assessed directly to the plaintiff, it became her duty to pay the taxes.   Conceding the general rule that one cotenant cannot acquire title of another by purchase at tax sale, it is argued the rule does not apply in this case, and many au-

thorities are cited to the effect that the rule does not apply where the relation of cotenancy has terminated, or where the interests were acquired under different instruments and at different times, or where the land has been assessed in the names of the respective owners.

These rules do not, in our opinion, apply to this case. It is true that plaintiff had an agent by the name of Clohessy, residing at Portland, Oregon, who was authorized to look after her property in this state and pay the taxes thereon. But this agent did not have possession of this piece of property or control over it. Mr. Beard, the plaintiff's cotenant, had possession and control of the property. Not only that, but he had led the plaintiff to believe that he would pay the taxes as he had theretofore done, and she relied upon that belief. Mr. Beard was, therefore, her agent for that purpose, and plaintiff had no notice that the taxes were delinquent or that any proceedings were being taken against the land to enforce payment. It is plain that an agent cannot take advantage of his own default or wrong and thereby acquire the property of his principal; or, as was said in *Finch v. Noble*, 49 Wash. 578, 96 Pac. 3, 126 Am. St. 880, quoting from *Moss v. Shear*, 25 Cal. 38, 85 Am. Dec. 94:

"If the defendant was under any legal or moral obligation to pay the taxes, he could not, by neglecting to pay the same and allowing the land to be sold in consequence of such negligence, add to or strengthen his title by purchasing at the sale himself, or by subsequently buying from a stranger who purchased at the sale. Otherwise, he would be allowed to gain an advantage from his own fraud or negligence in failing to pay the taxes. This the law does not permit, either directly or indirectly."

This rule is fundamental and applies in all its vigor to the facts found in this case. It is unnecessary to cite other authorities, which may be found in abundance.

There is no merit in the contention that the plaintiff is guilty of laches. The statute of limitations had not run, and

there has been no changed condition. The rental of the property has been more than sufficient to pay the taxes. The judgment is therefore right, and must be affirmed.

CROW, C. J., GOSE, PARKER, and CHADWICK, JJ., concur.